**In re: GRANT INDUSTRIES, INCORPORATED, Debtor.**

**GRANT INDUSTRIES, INCORPORATED, Plaintiff,**

v.

**CYCLOPS CORP., et al., Defendants.**

Bankruptcy No. 92–43222–2–11.
Adv. No. 92–4062–2–11.

United States Bankruptcy Court, W.D. Missouri.

Jan. 25, 1993.

---

Jennifer H. McCoy, Lathrop & Norquist, Kansas City, MO, for Cyclops Corp.

David D. Ferguson, McDowell, Rice & Smith, Kansas City, MO, for plaintiff/debtor.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

Debtor filed a Chapter 11 petition for relief on December 14, 1990. Subsequently a liquidating plan was filed and confirmed. This adversary action arises under 11 U.S.C. § 547 and is a core proceeding. The facts are not disputed. It is the interpretation to be put on those facts that gives rise to this opinion.

Debtor delivered to defendant, within the critical 90 day period, three checks: $5,601.89 received on September 29, 1990, $2,028.15 received on October 29, 1990, and $28,813.69 received on a date that by stipulation was between the date cut by debtor in California (October 30, 1990) and cleared by debtor's bank (November 5, 1990). The parties further stipulated that only 11 U.S.C. § 547(c)(1) and (4) were the issues here because they also stipulated as to the existence of every element of 11 U.S.C. § 547(b), leaving only the issue of the applicability of defendant's possible affirmative defenses.

Debtor had been on "credit hold" with defendant for some time. That arrangement worked as follows:

1. debtor would place an order,
2. defendant would price the order, but not ship same,
3. debtor would inform the defendant of immediate need for shipment,
4. defendant would require debtor to pay a sum roughly equivalent to the needed material but which would equal in amount the sum due on previous invoices,
5. the actual amount paid each time might be slightly more or slightly less than the price of the newly shipped goods,
6. because of the relationship between defendant's credit granter and debtor's work out artiste, defendant trusted debtor, and
7. upon debtor's assurance that a check was in the mail, defendant would ship so that the goods and the payment might cross paths on their respective journeys.

On October 29, 1990, debtor called defendant and requested that three orders be released. Those three orders were priced at $6,460.80, $11,578.93 and $10,590.36 (a total of $28,629.29). Defendant agreed that it would ship if debtor would pay the amount of $28,813.69 (an amount which would pay four invoices for goods sold debtor by defendant in May of 1990). Debtor agreed and defendant released the credit hold on the three invoices which were billed under the date of October 31, 1990, although actually delivered that day and the day before.

Defendant's 11 U.S.C. § 547(c)(4) defense does provide defendant with a defense to the payment of $5,601.89 received on September 29, 1990, and $2,028.15 received on October 29, 1990, because defendant did deliver "new value" to debtor after both payments. However, it is no shield to the last and largest payment of $28,813.69 for the simple reason that defendant had delivered the goods by the time that debtor delivered the check.[1] The perti-

---

1. This is chronologically correct even though the Court is applying the Eighth Circuit rule as to 11 U.S.C. § 547(c) transfers stated in *In the*

*Matter of Kroh Bros. Development Co.,* 930 F.2d 648, 651 (8th Cir.1991) since the United States Supreme Court declined to express any opinion

nent portion of 11 U.S.C. § 547(c)(4) clearly requires that the creditor give the new value after the transfer. Defendant simply cannot prove that essential element of the defense since debtor had physical possession of the goods before defendant had constructive possession of the check.

Moving on to 11 U.S.C. § 547(c)(1), the situation is reversed. The payments of $5,601.89 and $2,028.15 are afforded no protection in the words of that section because the section requires that the transfer be made with the mutual intent of debtor and creditor that the transfer be *"intended ... to be a contemporaneous exchange for new value given to the debtor."* Nothing in the stipulation or in the testimony of defendant's credit manager supplied this requisite element of proof. Obviously the situation is different as to the $28,813.18 payment because it was intended by both debtor and defendant to be a contemporaneous exchange for new value. In fact the check from California and the shipment from Pennsylvania may have actually crossed paths on their respective journeys, so contemporaneous were they.

The net result is that defendant has an effective defense to debtor's complaint for the $5,601.89 and $2,028.15 payments under 11 U.S.C. § 547(c)(4) in the $28,629.29 shipments of October 29 and 30 (invoiced October 31st) and an effective defense to the debtor's complaint for the $28,813.69 payment under 11 U.S.C. § 547(c)(4) in the same contemporaneous shipments. The difference is that in the former case the defense arises in new value and in the latter case the defense arises in substantially contemporaneous exchange.

The final question then is can defendant use these defenses seriatim to defeat all claims of debtor for recovery of all three payments. The Court concludes not. While it may be possible technically to argue that there were three separate and unrelated transfers (which there were) and, therefore, each transaction should stand alone and be considered without regard to the parallel transfers, that is not the way events normally are regarded in either personal or commercial affairs. Defendant may retain its payment of $28,813.69 because it was intended by both debtor and defendant to be a contemporaneous exchange for the $28,629.29 shipments made at almost the same time. However, defendant having used up the entire amount of said payment under 11 U.S.C. § 547(c)(1) may not use the same dollars under 11 U.S.C. § 547(c)(4) as new value[2]. Since it profiteth defendant more to use the § 547(c)(1) defense, that is the one the Court will allow.

The debtor is awarded judgment against defendant for $7,630.04 and costs.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.

---

as to such issue in footnote 9 to *Barnhill v. Johnson,* —— U.S. ——, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992).

**2.** The fact that there exists a difference of $184.40 between the transfer (check) and the price of the goods that constitute the value does not require adjustment. 11 U.S.C. § 547(c)(1) does not contemplate that there be a precise penny balance between the items exchanged.