**John T. KENDALL, Plaintiff–Appellee,**

v.

**LIQUID SUGARS, INC., Defendant–Appellant.**

No. C96–04414 CRB.
Bankruptcy No. 92–47491 TK.
Adversary No. 94–4719 AT.

United States District Court,
N.D. California,
San Francisco Division.

Nov. 17, 1998.

---

**10.** Pl.Ex. # 32.

**11.** Pl.Ex. # 24.

Erick A. Nyberg, Kornfield, Paul & Bupp, Oakland, CA, for Plaintiffs.

John A. Edginton, Dezurick, Edginton & Harrington, Emeryville, CA, for Defendants.

## AMENDED ORDER

BREYER, District Judge.

Before the Court is creditor's appeal from the Bankruptcy Court's ruling that certain transfers were not shielded by the "contemporaneous exchange" defense and thus, were recoverable by the trustee. Having carefully read and considered the papers submitted by the parties, and having heard oral argument on Friday, April 3, 1998, the Court hereby VACATES the Bankruptcy Court's findings

regarding the applicability of the "contemporaneous exchange" defense and REMANDS for further action consistent with this decision.

## I. *Procedural History*

Debtor, Honey Hill ("Honey Hill"), manufacturer of frozen dairy products, is in bankruptcy. Appellant, Liquid Sugars, Inc. ("LSI"), is a creditor of Honey Hill. LSI brings this appeal from a decision on remand by the Bankruptcy Court in favor of Appellee, John T. Kendall ("Kendall"), the bankruptcy trustee for Honey Hill.

Under the Bankruptcy Code, the Trustee of the bankrupt estate is allowed to recover payments by the debtor (Honey Hill) made to third parties (LSI) during the 90–day period preceding the filing of the bankruptcy petition. 11 U.S.C. § 547(b). In order to do so, the Trustee must undertake an adversarial proceeding (or "preference action").[1]

During the preference action, Honey Hill argued that the amounts paid to LSI during the 90–day preference period constituted preferential transfers under the Bankruptcy Code.[2] LSI pled two affirmative defenses, cumulatively and alternatively. LSI argued that the transfers were "contemporaneous exchanges" of cash for goods under section 547(c)(1); and also that LSI provided "new value" to the debtor in the form of goods subsequent to Honey Hill payments. *See* 11 U.S.C. § 547(c)(4).

The Bankruptcy Court rejected the application of the contemporaneous exchange defense to the transfers, concluding that the decision in *McClendon v. Cal–Wood Door (In re Wadsworth Bldg. Components, Inc.)*, 711 F.2d 122 (9th Cir.1983), precluded LSI from utilizing this defense as a matter of law. The court did find that most of the payments from the preference period were exempt under the new value defense. The court held, however, that a portion of the August 10 payment and the total amount of the September 4 payment were not sheltered by any new value provided to Honey Hill. Consequently, the court entered judgment against LSI in the amount of $39,276.66. The parties subsequently agreed that the amount should actually be $37,276.66.

On appeal, LSI did not dispute the Bankruptcy Court's analysis and application of the new value defense. Rather, LSI contended that the Bankruptcy Court should have applied the contemporaneous exchange defense to the transfers that were not shielded by the new value defense. The record demonstrates that Bankruptcy Court declined consideration of the contemporaneous exchange defense, based on an assumption that *Wadsworth* barred such application. This Court remanded the case, finding that the Bankruptcy Judge had failed to state the factual findings underlying the judgment. (Hon. Saundra Brown Armstrong; 7/2/96.)

After remand, the Bankruptcy Court issued a memo supplying its findings of fact, to wit: the transfers had applied to antecedent debt and thus were not shielded under the contemporaneous exchange defense. LSI brought another appeal, arguing that the findings were clearly erroneous.

## II. *Legal Analysis*

### A. *Standard of Review*

The district court acts in an appellate capacity when reviewing the decision of a bankruptcy court. *In re Lakeshore Village Resort, Ltd.*, 81 F.3d 103, 105 (9th Cir.1996) (citing 28 U.S.C. § 158). "On an appeal the district court ... may affirm, modify, or reverse a bankruptcy judge's judgment, order or decree, or remand with instructions for further proceedings ...." Fed. R.Bankr.P. 8013. The Court reviews *de novo* the bankruptcy court's legal conclusions and mixed questions of law and fact. *In re Lee*, 179 B.R. 149, 155 (9th Cir. BAP 1995). Factual determinations should not be disturbed unless they are "clearly erroneous".

---

1. The 90–day window is called the "preference period" and the payments from the debtor to the creditor are considered "preferential transfers".

2. Both parties stipulated that the transfers had all but one of the characteristics of preference payments under section 547(b). The appellant would not stipulate that the payments were on account of antecedent debt (§ 547(b)(2)).

*In re Itule,* 114 B.R. 206, 209 (9th Cir. BAP 1990).

### B. *The Contemporaneous Exchange Defense*

#### 1. *Factual Findings on the Question of Intent*

The key question is whether the Bankruptcy Court erred in refusing to apply the contemporaneous exchange defense to certain transfers. Specifically, LSI contends that the Bankruptcy Court erred by failing to find that the August deliveries of product by LSI and payment by Honey Hill were intended by the parties to constitute contemporaneous exchanges for new value, pursuant to 11 U.S.C. section 547(c)(1).

■■■ For a contemporaneous exchange defense, the parties' intent, the existence of new value, and contemporaneousness are all questions of fact. *In re Marino,* 193 B.R. 907, 911 (9th Cir. BAP 1996). Therefore, the standard of review is whether the bankruptcy judge's findings were clearly erroneous. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (citation and internal quotation marked omitted).

■■■ The Bankruptcy Court found that because Honey Hill had written invoice numbers on the checks, because LSI had "accepted" Honey Hill's determinations by expressing concern only as to the amount of money that was being sent (that it was roughly equivalent to the amount of goods shipped)[3], and because LSI produced no internal records to indicate how the payments were applied to Honey Hill's account, the payments applied to antecedent debt.

This finding is in error. In deciding that the payments were in fact applied to antecedent debt, the Bankruptcy Court relied not on the CEOs' explicit prior agreement to pay for goods currently received, but on an implied intent on the part of the debtor, neither clearly nor evidently expressed. The parties intent, however, is clearly expressed. For example, in a letter dated August 4, 1992, LSI's CEO instructed Honey Hill to "send us as much money as dollar value of product taken on a weekly basis." This direction is an unequivocal statement that LSI intended to supply Honey Hill only so long as it paid contemporaneously for the goods shipped. Furthermore, the Court looks to Honey Hill's CEO's statements at trial that he intended to pay LSI for the goods shipped (and not prior debt). The absence of LSI documents does not justify reliance on Honey Hill's unilateral practice of linking current payments to old invoices that approximated the same amount.

Second, the testimony of LSI's controller strongly undermines the proposition that, because LSI's primary concern was to receive an equivalent payment for goods received per week, it was indifferent to the extent of allowing Honey Hill's designation of invoice numbers to dictate how the account was paid. Again, in light of the letters between the CEOs, LSI would have had no reason to interpret the payments as applying to antecedent debt and ignore the agreement to give money in the amount of goods given per week.

Accordingly, the Court finds that the parties clear intent was to provide contemporaneous value for the goods provided from LSI to Honey Hill.

### C. *Questions of Law Regarding the Application of 547(c)*

■■■ Questions of law are reviewed de novo. *See Hall–Mark Electronics Corp. v. Sims,* 179 B.R. 149, 155 (9th Cir. BAP 1995).

#### 1. *Application of Section 547(c)(1)(A)*

■■■ In its analysis of the contemporaneous exchange defense, the Bankruptcy Court

---

**3.** The fact that the payments were roughly equivalent, but not exactly equal, to the value shipped does not prevent the payments from being classified as contemporaneous exchanges. *See, e.g.,* In re Grant Industries, Incorporated, 150 B.R. 41, 43, n. 2 (Bankr.W.D.Mo.1993) ("11 U.S.C. § 547(c)(1) does not contemplate that there be a precise penny balance between the items exchanged").

erred in finding that the payments applied to antecedent debt. The language of the statute requires that the transfer be "intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor." 11 U.S.C. § 547(c)(1)(A). As noted above, the clearly expressed intent of both parties was to create a contemporaneous exchange; this satisfies the requirements under section 547(c)(1)(A). Accordingly, the contemporaneous exchange exception applied to the transactions.

### 2. In re Wadsworth

The Bankruptcy Court cited *In re Wadsworth* in ruling that the payments did not fall under the contemporaneous exchange defense. In *Wadsworth*, the creditor asserted a contemporaneous exchange defense for a payment made to replace a prior payment check that was dishonored due to insufficient funds. *In re Wadsworth*, 711 F.2d at 123. Because the creditor had refused to ship additional goods until the amount was paid, the creditor argued that the payment was consideration for the *subsequent* shipment. The Bankruptcy Court held that no new value had been given for the check, and the Court of Appeals affirmed because the stipulation of facts stated "that the debtor was required to pay past debts before it would receive further credit." *Id.,* at 124.

*Wadsworth* is distinguishable from the instant case. Although LSI would have stopped sending products if Honey Hill had stopped paying in the amount of the goods received, there was no stipulation, such as in *Wadsworth*, that the debtor was required to pay past debts before receiving further credit. *Id.* In *Matter of Advance Glove Manufacturing Co.*, 42 B.R. 489 (Bankr.E.D.Mich. 1984), is more on point. In *Advance Glove*, the debtor and creditor attempted an arrangement similar to that undertaken by LSI and Honey Hill. In order to decrease the debtor's outstanding balance, the creditor agreed to continue shipments if it could be assured of payment for current shipments and any excess would be applied to past debt. *Id.* at 492. After the inception of the debt

reduction plan, the payments sent by the debtor were subtracted, as a running balance, from the existing balance of the entire account. There, the creditor supplied evidence showing that the creditor actually applied current payments to pre-existing debt. Notwithstanding, the *Glove* court found that "[t]he agreement of the parties that yarn was to be shipped when the debtor had funds available to pay for them and the dates of payment and shipment clearly establish that the transfers were intended to be contemporaneous exchanges for new value." *Id.* at 493. As noted above, this conclusion applies equally to the facts at issue here. Accordingly, the Court finds that, under section 547(c)(1), the contemporaneous exchange defense applies to the payments at issue.

### D. Remand for Recalculation

■■■ Appellee also argues that if the contemporaneous exchange defense applies, LSI still received preferential payments totaling $15,591.93 in excess of shipments. Appellant responds that if the contemporaneous exchange defense is applied, the amount of money in each payment that exceeds the amount of good shipped is covered by a subsequent new value defense. However, this Court may not reach the issue of how the contemporaneous exchange defense applies to these payments, because the Bankruptcy Court did not address the issue of Honey Hill's payments in excess of the shipments. Thus, the amount available as avoidable preferences was not discussed in the Judgment on Remand. Because these calculations were not considered, this Court cannot make a finding on the amount of judgment. *See In re Cohn*, 54 F.3d 1108, 1113 (3rd Cir.1995) ("It is error for a district court, when acting in the capacity of a court of appeals, to make its own factual findings."). Therefore, this Court remands this action to the Bankruptcy Court for recalculation of the correct amount in light of this Court's determination of fact and application of law.

### III. Conclusion

This Court reverses the Bankruptcy Court's judgment concerning contemporane-

ous exchange and remands the case to the Bankruptcy Court for any necessary adjustments to the amount of the award.

**IT IS SO ORDERED.**